Common Pleas Court of Lorain County.

## JOHN E. CARLSON v. ALLEN E. MENNELL.

Decided February 18, 1930.

*G. B. Findley,* for plaintiff.
*Ingersoll & Snoble,* for defendant.

WEBBER, J.

The questions made arise upon a demurrer to the petition. Two grounds are stated. One, that there is a misjoinder of causes of action, and, secondly, that the second cause of action does not state facts sufficient to constitute a cause of action.

The petition, in substance, alleges that the defendant sold to the plaintiff a mare, which he warranted to be suitable for work and of good disposition; that the plaintiff paid the defendant the sum of $100 for the animal; that the mare was not as represented; that she was a vicious kicker, entirely unmanageable, and not fit for farm work; that the defendant knew this at the time he sold the mare to the plaintiff; that he thereupon returned the mare to the defendant, who has ever since kept her, and demanded back the $100. These claims are set out in the first cause of action in the petition.

In the second cause of action the defendant makes all of the allegations of the first cause of action a part thereof, and alleges that when undertaking to use the mare in

drawing a wagon she threw him to the ground, by which he sustained injuries to his limbs and left shoulder, rendering them bruised and discolored; that his injuries are of a permanent nature. From which injuries he suffered great pain, incurred expense for medical treatment and X-ray; claims in his second cause of action also that by reason of the premises he suffered damages in the sum of five thousand dollars; and he prays for a judgment against the defendant in the sum of $5100, on both causes of action, as he denominates them.

I will answer the first question, are two or more causes of action improperly joined? This is settled by Section 11306, which reads:

"*What causes may be joined.* The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable or both, when they are included in any of the following classes: First, the same transaction; second, transactions connected with the same subject of action."

Bates, in his Pleading and Practice, Volume 1, page 460, has given construction to this section. I quote:

"*Contract and tort.* These are joinable when, and only when, arising out of the same transaction.

"This subdivision of Section 11306, General Code, includes actions *ex contractu* and *ex delicto.*"

citing *Sturges* v. *Burton,* 8 Ohio State page 215; *Henshaw* v. *Noble,* 7 Ohio State page 226. Farther along in the text he uses this language:

"A claim for fraud in sale of personal or real estate and for breach of warranty or covenant may arise out of the same transaction." Citing 57 Ohio State, page 246. I quote from the syllabus of that case:

"Where, in an action for damages for breach of a warranty in the sale of chattel property the petition also alleges that the defendant knew the warranty to be false, the plaintiff, upon proof of the warranty and its breach, may recover the damages he thereby sustained, though he fail to prove the defendant's knowledge of the falsity of the warranty."

This same doctrine was followed in *Masten* v. *Levy*, 17 Circuit Court (New Series) page 267, and affirmed by the Supreme Court in the 86th Ohio State, page 363.

See also *Railway Co.* v. *Hedges*, 41 Ohio State, page 233. There is no syllabus. The Court says:

"The petition asked damages for horses killed by defendant's train, and counted upon two distinct wrongful acts as causes of the killing; first, neglect to keep in repair a fence as required by contract; and second, negligence in running the train. A motion to require plaintiff to elect whether he would rely upon the breach of contract, or the tort, was overruled.

"*Held*: The doctrine of election applies where one wrongful act is charged, and the plaintiff is entitled to treat it as having either of two natures. But the addition of a tort to a separate and distinct act in violation of contract, does not deprive the injured party of the right to complain at the same time, of both wrongs. Of course he cannot recover double damages."

Question No. 2. Does the petition contain more than one cause of action? Clearly, but one. In support of this position I cite the 21st Ohio State Reports, page 656, Century Edition, *Wilcox* v. *McCoy*. The syllabus reads:

"A petition, stating that the defendant sold to the plaintiff a specified number of sheep, representing them to be sound when they were not sound, but all, or a part of them, were affected by a disease known as the hoof rot; and that relying on the defendant's representations as true, the plaintiff turned the sheep into his field with his other sheep, whereby they also became diseased and the pasture injured, does not state several causes of action, but only a single cause of action, with circumstances of special damage; and the averments showing special damage are not redundant or irrelevant matter."

I hold, in the light of these authorities, that there can be but one cause of action, as all the matters complained of grow out of one transaction, and I hold that they constitute but one cause of action. The petition should be redrafted setting up but one cause of action in keeping with the foregoing finding.

I overrule the first branch of the demurrer, that two

or more causes of action are improperly joined, and I hereby order and direct that the petition be redrafted stating but one cause of action, which may include all the elements of damages claimed, as they all grow out of but one cause of action.

Have made out a card and filed with the clerk, which reads as follows:

"Both grounds of demurrer overruled. Plaintiff ordered to redraft petition in keeping with court's opinion, as directed by the court. Both parties except. Plaintiff is given until March 15, 1930, in which to file an amended petition."